IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUGH DARREL PERNELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | No. 14 C 6836 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Hugh Pernell's claim for Supplemental Security Income. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Before Plaintiff filed his opening brief in the case, Defendant filed the present motion to dismiss the complaint as untimely. The Court set a briefing schedule, but Plaintiff filed no response to the motion by the November 18, 2014 due date and did not move for an extension of time. For the reasons that follow, Defendant's motion to dismiss [Doc. No. 11] is granted.

## BACKGROUND

Under the Social Security Act, a party seeking judicial review of an unfavorable final decision of the Commissioner of Social Security may do so "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may

allow." 42 U.S.C. §405(g); *see also* 20 C.F.R. § 416.1481 ("[A claimant] may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."); 20 C.F.R. § 422.210(c) ("[T]he date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

Plaintiff's complaint references and attaches as an exhibit the June 7, 2014 letter he received from the Social Security Administration Appeals Council advising him that the Council had denied his request for review. (Compl. ¶ 3 & Ex. A.) The letter advises Plaintiff that he has sixty days to file a civil action seeking judicial review of the Council's decision, and it further states that the sixty-day period begins after receipt of the letter, which is presumed to be five days after the letter's date unless Plaintiff proves otherwise. The Council's letter also explains that Plaintiff can ask the Appeals Council for an extension of time to file for court review if he cannot file within sixty days through a written request showing a "good reason" for the extension.

According to the terms of the Appeals Council's letter, Plaintiff was required to file his civil action no later than August 11, 2014. Plaintiff filed his civil action on September 4, 2014. The complaint states that an extension of time was requested from the Appeals Council on July 29, 2014, and that the request remained pending at the time the complaint was filed. (Compl. ¶ 4.) This request was denied by the Appeals Council on October 2, 2014 for failing to show good cause for the extension.

2

(Def.'s Mot. Ex. 4.) Defendant then moved to dismiss the complaint for failure to timely file the complaint.

Although the Appeals Council's denial of Plaintiff's request for an extension was attached to the motion as an exhibit, it was not necessary for the Court's ruling and therefore does not require that the motion be treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). The complaint itself admits that its filing was time barred, and Plaintiff has filed no pleadings suggesting that the delayed filing was excused under the relevant statutes or regulations.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. No. 11] is granted. Civil case terminated.

**SO ORDERED.**　　　　　　　　　　　　**ENTERED:**

**DATE:  December 23, 2014**　　　　　　 _____
　　　　　　　　　　　　　　　　　　　　**HON. MARIA VALDEZ**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

3